THOMAS BARFELL,

        Plaintiff,

v.                                                          Case No. 15-C-653

CHRISTOPHER ROMANOWICZ,
COREY HAAG, and MELISSA RASMUSSEN,

        Defendants.

## DECISION AND ORDER

Plaintiff Thomas Barfell, proceeding pro se, brought this 42 U.S.C. § 1983 civil rights action against the above-named defendants, alleging violations of his constitutional rights relating to his arrest for disorderly conduct and resisting arrest. Barfell claims he was subjected to unlawful detention and excessive force in violation of the Fourth Amendment and that Corporal Rasmussen refused to take photographs of Barfell's alleged injuries. This case is now before the Court on both Romanowicz and Haag's motion for summary judgment (ECF No. 46) and Rasmussen's motion for summary judgment (ECF No. 62). Also before the Court is Barfell's motion to compel interrogatories. (ECF No. 40.) Barfell failed to respond to Defendants' proposed findings of fact, despite having been provided the proper notice and warnings as to the consequences of doing so. Defendants' proposed findings of fact are therefore deemed undisputed. Civil L. R. 56(b)(4).

## BACKGROUND

In the late evening on February 20, 2015, Thomas Barfell and his girlfriend Danielle Larson were at "Screwballs" bar in Oshkosh, Wisconsin. The bartender, John Kirinovic, observed Barfell

aggressively push or body slam Larson on multiple occasions. Kirinovic then asked Barfell to leave. When Barfell refused, Kirinovic carried him out of the bar. Bafell attempted to re-enter the bar and Kirinovic called the Oshkosh Police Department. Officer Brenden Bonnett responded to the scene, interviewed Kirinovic and Larson, and subsequently determined there was probable cause to arrest Barfell for disorderly conduct.

Officer Cory Haag was in the area and located Barfell walking with his hands in his pocket. Haag ordered Barfell to stop and remove his hands from his pocket. Barfell refused and responded with an obscenity. Haag again ordered Barfell to remove his hands from his pockets and told him that he wanted to discuss the disturbance at "Screwballs." Barfell once more refused to comply and started to walk away. He claimed he kept his hands in his pockets because it was cold outside. Haag grabbed Barfell's right arm and pinned him on the hood of his squad car in an attempt to remove Barfell's hands from his pockets. Although Haag was able to remove Barfell's right hand, Barfell continued to resist and kicked his legs backwards at Haag.

During the confrontation between Haag and Barfell, Officer Christopher Romanowicz arrived to provide assistance. Romanowicz was unable to remove Barfell's left hand from his pocket, despite pulling at the arm and focusing several punches to Barfell's left shoulder. Haag and Romanowicz then executed a takedown and were able to handcuff Barfell while he was on the ground. Barfell continued to kick and resist during the confrontation. When the officers attempted to move Barfell into the squad car, Barfell made his legs limp to make the transfer more difficult. Barfell claimed that his handcuffs were too tight, and the officers adjusted the cuffs once Barfell was secured in the car. He also banged his head into the plastic partition in the car during transport to the jail.

Barfell continued to act belligerently and uncooperatively upon arrival at the Winnebago County Jail. He threatened to "kick everyone's ass" and to "kill all of you." Barfell attempted to bite Deputy Wilderman. Deputies were required to forcefully remove Barfell's clothing, including cutting off his shirt. Barfell claims he asked Corporal Melissa Rasmussen, a member of the Winnebago County Sheriff's Office, to take pictures of his injuries. Winnebago County Sheriff's Office policy is not to photograph the alleged injuries of arrestees from other agencies unless requested to do so by the other agency. Barfell's booking photograph was taking the following day.

Barfell claims he suffered a black eye, chipped tooth, swollen lip, swollen right side of his face, a gash on the left side of his head, bruising on his left shoulder/neck/back area and inside his bicep, an abrasion on the left side of his face, and swollen wrists. He alleges the injuries arose from an unlawful arrest and excessive force used by Officers Haag and Romanowicz. Barfell filed this claim on May 28, 2015.

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460–61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, the court will view the facts in the light most favorable to the non-moving parties. *Crull v. Sunderman*, 384 F.3d 453, 460 (7th Cir. 2004).

3

**ANALYSIS**

**A. Officers Romanowicz and Haag**

    **1. Unlawful Detention**

Barfall claims he was unlawfully stopped and arrested. A law enforcement officer may briefly detain a person on less than probable cause where he reasonably suspects that the person has committed, is committing, or is about to commit a crime. *See Terry v. Ohio*, 392 U.S. 1 (1968). Whether a warrantless arrest is constitutional depends on whether there was probable cause for the arrest. *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000). "The determination of whether an arresting officer has probable cause to arrest an alleged offender turns on whether a reasonable person in the officer's position would have probable cause to believe that an offense has been committed." *Id.* at 997. Certainty, or proof beyond a reasonable doubt, is not needed for an arrest. The standard of probable cause is intended both to safeguard the rights of people to be free of unreasonable search and seizure while at the same time affording law enforcement the latitude needed to effectively protect the public:

> These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.

*Brinegar v. United States*, 338 U.S. 160, 176 (1949).

Moreover, "[u]nder the 'collective knowledge' doctrine, the officers who actually make the

4

arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of other officers." *United States v. Nicksion*, 628 F.3d 368, 376 (7th Cir. 2010) (citing *United States v. Parra*, 402 F.3d 752, 764 (7th Cir.2005)). "In other words, there is no Fourth Amendment violation if the knowledge of the officer directing the stop, search, or arrest—or the collective knowledge of the agency for which he works—is sufficient to constitute probable cause." *Id.* (internal quotation omitted).

Under these standards, Officer Haag's initial stop and subsequent arrest of Barfell were both lawful. Officer Bonnett reported to "Screwballs" and learned from Kirinovic and Larson that Barfell was acting in a violent and disorderly manner. Although Larson stated that she did not want Barfell arrested for his actions, Officer Bonnett's investigation provided him, and by extension the entire Oshkosh Police Department, probable cause in which to effectuate an arrest. Barfell then actively resisted arrest when Haag attempted to speak with him. Barfell's claim that he could have been issued a citation in the mail does not change the fact that Haag had probable cause to arrest Barfell for his disorderly conduct at "Screwballs" and for resisting arrest. Accordingly, Barfell's claim for unlawful arrest is dismissed.

### 2. Excessive Force

Barfell also claims that he was subjected to excessive force in the course of his arrest. Claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the

5

Case 1:15-cv-00653-WCG   Filed 12/19/16   Page 5 of 7   Document 72

countervailing governmental interests at stake." *Id.* at 396 (internal quotes omitted). An officer's right to make an arrest or investigatory stop "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* In applying the test of whether the force or threat of force used was excessive, the court must consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Applying these standards here, I conclude that Barfell's excessive force claim also fails. Haag had reason to believe Barfell was involved in a disturbance at "Screwballs" and did not know whether Barfell had anything dangerous in his hands. Haag and Romanowicz's multiple uses of force during the arrest—grabbing Barfell's right arm, forcing him onto the hood of the squad car, striking his left shoulder area, taking him to the ground, applying handcuffs, and placing him in the back of the squad car—all served as reasonable uses of force in response to the potential threat Barfell posed and his ongoing resistance. The officers properly escalated from a verbal request to comply to a minimum use of force to a takedown and handcuffing. Under the circumstances, Haag and Romanowicz's actions were reasonable and did not violate the Fourth Amendment. Barfell's claim for excessive force is therefore dismissed.

**B. Corporal Rasmussen**

In the June 22, 2015 screening order, this Court allowed Barfell to proceed on his unlawful detention and excessive force claims. Barfell's only claim against Rasmussen is that the failure to photograph his alleged injuries on the night of his arrest violated his constitutional rights because he did not have clear photographs of his injury to use in support of his excessive force claims.

6

Nevertheless, Barfell's booking photo was taken the following day and he was able to file it with his complaint. Rasmussen acted in accordance with Winnebago County Sheriff's Office policy. There is no evidence that Rasmussen contributed in any way to Barfell's alleged injuries. Accordingly, Barfell's claims against Rasmussen must be dismissed.

**C. Motion to Compel Interrogatories**

Finally, Barfell requests the Court to compel the Defendants to respond to interrogatories. The Court denied an earlier motion to compel the Defendants to respond to his interrogatories on March 9, 2016. In that order, Barfell was cautioned not to file duplicate motions and that the Court may impose sanctions for doing so. Barfell's present motion is nearly identical to his earlier motion. Barfell's motion to compel is therefore denied.

## CONCLUSION

For the reasons stated above, Defendants Romanowicz and Haag's motion for summary judgment (ECF No. 46) and Defendant Rasmussen's motion for summary judgment (ECF No. 62) are **GRANTED**. Plaintiff's motion to compel interrogatories (ECF No. 40) and request for summary judgment to be granted in his favor are **DENIED**. This action will be **DISMISSED**. The Clerk is directed to enter judgment forthwith.

Dated this   19th   day of December, 2016.

   s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court